UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JELA JEVREMOVIC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:07-CV-01278 (RMU) |
| | ) |
| MICHAEL CHERTOFF, Director, | ) |
| U.S. Department of Homeland Security, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**FEDERAL RESPONDENTS' MOTION TO DISMISS**

Petitioner, Jela Jevremovic, seeks a writ of mandamus compelling Federal Respondents, U.S. Citizenship & Immigration Services ("USCIS"), an agency within the Department of Homeland Security ("DHS"), DHS, and the Federal Bureau of Investigation ("FBI"), to expedite her application for naturalization. Federal Respondents, by and through their attorney, the United States Attorney for the District of Columbia, respectfully move this Court to dismiss this case, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction. This motion is based

on the accompanying Memorandum of Points and Authorities and supporting Declaration of the USCIS. A proposed Order is also attached.

                                              Respectfully submitted,

                                                  ___Jeffrey A. Taylor_____
                                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                                              United States Attorney

                                              ___Rudolph Contreras_____
                                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                                              Assistant United States Attorney

                                              ___s/Sherease Pratt_____
                                              SHEREASE PRATT
                                              Special Assistant United States Attorney
                                              555 4th Street, N.W.
                                              Washington, D.C. 20530
                                              Sherease.louis@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JELA JEVREMOVIC, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>MICHAEL CHERTOFF, Director, )<br>U.S. Department of Homeland Security, *et al.*, )<br>)<br>Respondents. )<br>) | Civil Action No. 1:07-CV-01278 (RMU) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

Federal Respondents, U.S. Citizenship and Immigration Services ("USCIS"), U.S. Department of Homeland Security ("DHS"), and Federal Bureau of Investigation ("FBI"), respectfully move to dismiss the Complaint for Mandamus filed by the Petitioner in the above-captioned matter, pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Petitioner seeks a writ of mandamus to compel Federal Respondents to expedite her N-400 Application for Naturalization as a Citizen of the United States of America. Compl. ¶ 1. For the reasons stated herein, the Government respectfully submits that the Court lacks subject matter jurisdiction, and that this action should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

**STATEMENT OF FACTS**

Petitioner, Jela Jevremovic, a Croatian citizen, filed a Complaint seeking relief to compel Respondents to adjudicate and approve Petitioner's N-400 Application for Citizenship. Complaint ¶¶ 1, 2, 18(I). Petitioner filed Form N-400, Application for Naturalization as a Citizen of the

United States of America, on May 11, 2006. Compl. ¶ 1. Petitioner's FBI name check has not been completed and remains pending. Compl. ¶¶ 16, 20, 22; Bijolle Decl. ¶ 6. Upon receipt of the FBI name check, and assuming that no adverse information is disclosed, Petitioner will be scheduled for a naturalization interview and an Interagency Border Inspection System ("IBIS") name check. Bijolle Decl. ¶ 6, 7, 8.

## ISSUE PRESENTED

The issue is whether an applicant for naturalization as a citizen of the United States, who has not yet been scheduled for an interview and whose FBI Name check is pending, has presented this Court with a justiciable action such that a Court may order mandamus relief.

## ARGUMENT

Preliminarily, three points are in order. First, it is well-settled, as the Supreme Court noted in *INS v. Pangilinan*, 486 U.S. 875 (1988), that a person seeking to acquire rights as a citizen "can rightfully obtain them only upon terms and conditions specified by Congress," *id.* at 884, quoting *United States v. Ginsberg*, 243 U.S. 472, 474 (1917). Thus, a person who has been lawfully admitted to the United States for permanent residence may become a citizen, subject, however, to the requirement that he or she establish continuous residence in the United States in the five years preceding the filing of the application and make a showing of good moral character. 8 U.S.C. §1427(a).

Second, the statute and pertinent regulations provide for a quite specific process by which an application for naturalization is adjudicated: (a) the application itself; (b) an investigation and background check; (c) an examination with the immigration service; and (d) the administration of the oath of allegiance. 8 U.S.C. §1446(a); 8 C.F.R. §335.1. *See Damra v. Chertoff*, 2006 WL

1786246 (N.D. Ohio) at *1 (discussing process, including FBI fingerprint and name check). Neither the statute nor the regulations specify a particular time frame within which this process must be completed.

Third, the statute expressly provides for district court jurisdiction over a suit asking that the agency be compelled to adjudicate an application for naturalization, but only after the expiration of a one-hundred-and-twenty day period following the "examination" of the application. 8 U.S.C. §1447(b). Some courts have held that the "examination", as that term is employed by the statute, refers to the entire process, including all facets of the background investigation, *e.g.*, *Danilov v. Aguirre*, 370 F.Supp. 2d 411 (E.D. Va. 2005); *El Kassemi v. Department of Homeland Sec.*, 2006 WL 2938819, at *1 (D.N.J. Oct. 13, 2006); Damra v. Chertoff, 2006 WL 1786246, at *1 (N.D.Ohio Jun 23, 2006); *El Kassemi v. Department of Homeland Sec.*, 2006 WL 2938819, at *1 (D.N.J. Oct. 13, 2006); *Martinez v. Gonzales*, 463 F.Supp.2d 569 (E.D.Va 2006). Other courts have rejected the analysis in *Danilov*, holding instead that the interview itself is the examination for purposes of the statute, e.g., *El-Daour v. Chertoff*, 417 F.Supp. 679 (W.D. Pa. 2005). Because Petitioner's interview has not yet taken place, and because Petitioner's action does not rely on this argument, the Court need not reach this issue. Compl. ¶ 13.

Rather, Petitioner alleges that the Court has jurisdiction under the federal-question statute, 28 U.S.C. §1331, in conjunction with the mandamus statute, 28 U.S.C. §1361, and the Administrative Procedure Act ("APA."), 5 U.S.C. §§ 555(b), 704. Complaint ¶¶ 2, 20. The APA provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter

presented to it," and provides for judicial review of a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. §§ 704, 555(b).

The Government respectfully submits that the decision of the Supreme Court of the United States in *Norton v. So. Utah Wilderness Alliance*, 524 U.S. 55 (2004), disposes of both the APA and the mandamus prong of Petitioner's jurisdictional allegation. There, the Court addressed, *inter alia*, the language in 5 U.S.C. §706(1) -- quite comparable to the language in Section 555(b) here, *supra* -- that a reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed," 524 U.S. at 62.

The Court noted, with emphasis, that "the only agency action that can be compelled under the APA is action legally required. This limitation appears in §706(1)'s authorization for courts to 'compel agency action unlawfully withheld'" 524 U.S. at 63 (emphasis original). The Court reasoned further that the APA simply extended the traditional practice, prior to its passage, of achieving judicial review through a writ of mandamus and that the mandamus remedy was normally confined to enforcement of "'a specific, unequivocal command,'" *id.*, quoting *ICC v. New York, N.H. & H.R. Co.*, 287 U.S. 178, 204 (1932) and citing *Kendall v. United States ex rel. Stokes*, 12 Pet. 524, 613 (1838)("precise, definite act . . . about which [an official] had no discretion whatsoever"); *Vermont Yankee Nuclear Power Corp. v. Nat. Res. Defense Council, Inc.*, 435 U.S. 519, 546 (1978)(§706[1] empowers a court only to compel an agency "to perform a ministerial or non-discretionary act").

The Court added that Section 706(1) also speaks of agency action which is "unreasonably delayed," the essential allegation in this case, 524 U.S. at 63 n.1. However, "a delay cannot be unreasonable with respect to action that is not required," *id.* Thus, a claim under Section 706(1)

4

can go forward only "where a Petitioner asserts that an agency failed to take a discrete agency action that it is required to take," *id.* at 64 (emphasis original). Nor, under the Court's rationale, could a writ of mandamus issue, absent such required agency action. In short, the APA analysis and the mandamus analysis are one and the same.

In a recent naturalization case which is factually indistinguishable from the matter at hand, the United States District Court for the Northern District of Georgia granted the Government's motion to dismiss for lack of subject matter jurisdiction. *Badier v. Gonzales*, No. 475 F. Supp. 2d 1294. There, as here, the plaintiff alleged that the immigration service had failed to act on his application for naturalization and attempted to lay jurisdiction under the Immigration and Nationality Act. Additionally, as is the case here, the plaintiff attempted to lay jurisdiction under the APA in conjunction with Section 1331, and the mandamus statute. *Id.* at 1297.[1]

The court, however, rejected Petitioner's jurisdictional allegations. Citing *Norton v. So. Utah,* it reasoned that Section 706(1), the language of which is "mirrored" in Section 555(b), empowers the court to compel an agency to act, but only where the agency is required to perform a discrete ministerial or non-discretionary duty. There is, however, no statutorily prescribed time period within which the agency must act on an application for naturalization. Id. at 1298-1299.

The same analysis applies to mandamus. The court noted again that there is no "'clear right'"to relief, nor a "clear duty to act," *id.* at 1299, quoting *Cash v. Barnhart*, 327 F.3d 1252,

---

[1]    The court's reference to adjustment of status is somewhat confusing. Although the adjustment-of-status process is analogous in some ways to naturalization, *see infra,* it is controlled by a different section of the statute, 8 U.S.C. §1255. Nonetheless, the court's essential reasoning is correct, i.e., there is no specified time frame within which an application for naturalization must be adjudicated, except for the 120-day period after the "examination" is complete, a scenario which does not pertain here.

1258 (11th Cir. 2003) and citing *Baez-Fernandez v. I.N.S.*, 386 F.Supp. 2d 292, 294 (S.D.N.Y. 2005)(judicial review available only where application is denied or agency fails to act within 120 days after examination of same).  In sum, "'[w]here the duty is not thus plainly prescribed, but depends upon a statute or statutes the construction or application of which is not free from doubt, it . . . cannot be controlled by mandamus.'" *Id.* at 1299, quoting *Wilbur v. United States ex rel. Kadrie*, 281 U.S. 206, 219 (1930).

      Finally, the court took note of several cases which have held otherwise and required the agency to adjudicate the application for naturalization within a "reasonable" time, but distinguished them by noting that they were decided pre-*Norton*. Id. at 1299, fn 6.  The court also noted, however, that its ruling finds support in several decisions in analogous adjustment-of-status cases, citing, *e.g.*, *Zheng v. Reno*, 166 F.Supp. 2d 875, 879-880 (S.D.N.Y. 2001)(judicial creation of duty to act on adjustment-of-status application within specified time frame, where none is prescribed by statute, "'would have potential for mischievous interference with the functioning of already overburdened administrative agencies,'" quoting *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1182 [2d Cir. 1978]).  *Id; contra Salehian v. Novak*, 2006 WL 3041109 (D. Conn.)(without, however, citing *Norton*).

      Congress was quite precise when it provided that an alien could invoke the jurisdiction of the district court, if his or her application were denied or if no action were taken on it within one hundred and twenty days of the "examination."  By contrast, Congress did not specify any time frame within which the agency was required to conduct an interview, much less permit the alien to seek the intervention of the courts.

In short, by asking the Court to direct the agency to take action within a "reasonable" time and, inexorably, to declare what time is "reasonable," Petitioner necessarily asks the Court to arbitrarily set a deadline, where the statute provides none. Nor does the statute provide any guidance for what such a "reasonable" period would be. The Government respectfully submits, for the reasons set forth above, that the Court lacks subject matter jurisdiction to grant that relief and that this motion should, therefore, be granted and the case dismissed.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this motion be granted.

Respectfully submitted,

  Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  s/Sherease Pratt
SHEREASE PRATT
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W., Room E4821
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

OF COUNSEL:
Thomas F. McCarthy, Esq.
U.S. Citizenship & Immigration Services
S. Burlington, Vermont

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JELA JEVREMOVIC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:07-CV-01278 (RMU) |
| | ) |
| MICHAEL CHERTOFF, Director, | ) |
| U.S. Department of Homeland Security, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Motion to Dismiss to be sent by the Court's Electronic Case Filing System, this 24th day of September, 2007 to:

J. Michael Springmann PLLC
4619 Yuma Street N.W.,
Washington, D.C. 20016
springmannslaw@fcc.net

*Counsel for Petitioner*

/s/Sherease Pratt
SHEREASE PRATT

8

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Jela JEVREMOVIC, <br><br> Plaintiff, <br><br> v. <br><br> GONZALES, et al., <br><br> Defendant(s). | Civil Action No. 07-01278 <br><br> Declaration of <br> Heidi Bijolle |

I, Heidi Bijolle, declare as follows:

1. I am a Supervisory Adjudications Officer and the Naturalization Section Manager in the Vermont Service Center of U.S. Citizenship & Immigration Services (USCIS), an agency within the Department of Homeland Security. My responsibilities as the Section Chief include overseeing the adjudication of applications for naturalization.

2. The application for naturalization (Form N-400) filed by the plaintiff, Jela Jevremovic, is pending before this office. I am aware of the facts of this case based upon my personal knowledge and review of the administrative file.

3. USCIS records indicate that Ms. Jevremovic filed an application for naturalization on or about May 11, 2006.

4. Ms. Jevremovic's application is currently pending the outcome of security background checks.

5. USCIS requires that all appropriate background checks be conducted on applicants for naturalization. These checks are performed to determine whether there is any derogatory information that would make the applicant removable from the United States, ineligible for naturalization, and/or a danger to national security or public safety. The background checks are conducted by agencies outside of the control of USCIS.

6. Background checks were initiated for Ms. Jevremovic when she filed her Form N-400, and they remain pending. Specifically, the FBI name/date of birth check was ordered on May 22, 2006 and remains pending. In addition Ms. Jevremovic was fingerprinted on or about June 28, 2006. The fingerprint check resulted in a "non-hit" and the results remain valid for 15 months.

7. The only remaining check is the Interagency Border Inspection System (IBIS) name check. The IBIS check is performed in the District Office at the time if the naturalization interview. Results of an IBIS check are usually available immediately.

8. Upon receipt of the FBI name/date of birth results and assuming that no adverse information is disclosed, Ms. Jevremovic will be scheduled for a naturalization interview.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of September, 2007.

2

Heidi Bijolle
Naturalization Section Manager

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JELA JEVREMOVIC,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, Director,<br>U.S. Department of Homeland Security, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:07-CV-01278 (RMU)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Upon consideration of Respondents' Motion to Dismiss, it is this _____ day of September, 2007,

ORDERED that Respondents' Motion to Dismiss be and hereby is GRANTED; and it is

FURTHER ORDERED that this case be and hereby is DISMISSED.

SO ORDERED.

                                                                                                                                                                                                                            _____
                                                                                                             Ricardo M. Urbina
                                                                                                             United States District Judge

<u>Copies to:</u>
Sherease Pratt, Esq.
Special Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W.,
Washington, D.C. 20530

J. Michael Springmann PLLC
4619 Yuma Street N.W.,
Washington, D.C. 20016