UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JELA JEVREMOVIC,   )<br>  )<br>　　　　Petitioner,   )<br>  )<br>v.   )  Civil Action No. 1:07-CV-01278 (RMU)<br>  )<br>  )<br>MICHAEL CHERTOFF, Director,   )<br>U.S. Department of Homeland Security, *et al.*,   )<br>  )<br>　　　　Respondents.   )   | |

**RESPONDENTS' REPLY AND SUPPLEMENT
TO PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION TO DISMISS**

The sole issue presented in this lawsuit is whether an applicant who seeks to be naturalized as a citizen of the United States of America, who has not yet been "examined" pursuant to §1447(b), has a legal right to compel the USCIS to adjudicate her application. The simple answer is no. As Congress has statutorily mandated that a naturalization applicant proceeding under 8 U.S.C. § 1447(b) may only apply for a hearing before the District Court if the USCIS fails to adjudicate a naturalization application 120 days after an "examination" has occurred, this court lacks subject matter jurisdiction over the issue. Therefore, this lawsuit must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## ARGUMENT

I.   **Petitioner's Factual Allegations Concerning Her Current Security Clearance Level and Her Seeking To Resume Her Travels Abroad "For the Convenience of the U.S. Government" Are Untrue.**

The Broadcasting Board of Governors[1] ("BBG" or the "Agency") provides all non-military international broadcasting for the U.S. Government. *See* Declaration of Carroll Cobb, Senior Human Resource Specialist, Office of Human Resources, § 3. The BBG oversees the International Broadcasting Bureau ("IBB"), which is comprised of the Voice of America ("VOA"), the Office of Cuba Broadcasting ("OCB"), and other support elements. *Id.* A review of Agency records reveals that Petitioner is employed as an International Broadcaster (Radio/TV), GG-1001-12, in the Serbian Service Division of VOA. *Id.* § 5. The VOA's mission is to report news and information, not conduct or formulate foreign policy. *Id.* § 3. VOA is also required to present "a balanced and comprehensive projection of significant American thought and institutions." *Id.* § 4. Additionally, VOA must present the policies of the United States clearly and effectively. *Id.* This is done through editorials that are prepared by the Office of Policy. *Id.*

Recently, Petitioner has been performing assignments for the FOCUS Unit, which provides longer, in-depth feature stories, within the VOA News Division. *Id.* § 5. However, Petitioner's assignments in the FOCUS unit do not require overseas travel. *Id.* Further, although Petitioner has alleged that her current permanent resident status "restricts her

---

[1] The United States Information Agency was abolished, effective October 1, 1999, pursuant to the Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105-277, §§ 1301 *et seq.*, 112 Stat. 2681-761. The broadcasting functions of the agency were placed under the control of the Broadcasting Board of Governors. The other Agency functions were merged into the U.S. Department of State.

promotions and pay increases at work," Petition, § 12, non-citizen employees within the Agency receive yearly pay adjustments that occur at the beginning of the calendar year for General Schedule (U.S.citizen) employees. *Id.* § 6. Non-citizens are also eligible for within-grade increases, as are General Schedule employees. *Id.* These actions affecting pay are not dependent on United States citizenship. *Id.* Moreover, non-citizens such as Petitioner may also compete for promotions and be selected if they are better qualified than a United States citizen. *Id.* § 6.

Finally, Petitioner does not hold a "SECRET security clearance" as she alleges in her Petition. Petition.§ 6; *see* Declaration of John Wybenga, Director, Office of Security, BBG, IBB. §§ 1, 3. As Director of the Office of Security, Mr. Wybenga has personal knowledge of the policies and procedures regarding security matters, including those applicable to employees with the Agency. *Id.* § 1. The Agency employs non-citizens as foreign language broadcasters and to prepare and produce broadcasts. *Id.* § 3. As part of the hiring process of foreign nationals, the Office of Security performs a National Agency Check, which includes a credit check and a personal interview. *Id.* As a foreign national, Petitioner is not authorized access to classified material. *Id.* A foreign national hired by the Agency is issued a "Non-sensitive Certification." *Id.* When Petitioner's National Agency Check was completed on February 10, 1999, Petitioner was issued a Non-sensitive Certification. *Id.* § 4.

**II.    The USCIS Has Jurisdiction Over Naturalization Applications.**

Until 1990, United States District Courts sat as naturalization courts and were vested with exclusive jurisdiction to review the qualifications of an applicant for naturalization and to naturalize aliens as citizens of the United States. *See* 8 U.S.C. §§ 1101(a)(24), 1421(a) (repealed 1990); *see also Shomberg v. United States*, 348 U.S. 540 (1955). Under this two-tiered system,

the applicant submitted a preliminary naturalization application to the then Immigration and Naturalization Service ("INS"), which conducted a preliminary investigation of the applicant, and made a non-binding recommendation to the district court as to whether the application should be approved or denied. *See* 8 U.S.C. §§ 1445(b), 1446(b)&(d) (repealed 1990); 8 C.F.R. §§ 334.11, 335.11-335.13 (1990). The actual decision to approve or deny the naturalization application was vested solely with the federal court, which took jurisdiction based on a petition filed by the applicant and administered the oath of allegiance. *See* 8 U.S.C. §§ 1421, 1445, 1447, 1448 (repealed 1990).

In 1990, Congress enacted the Immigration Act of 1990, Pub. L. No. 101-649, § 401, 104 Stat. 4978 ("IMMACT"), which overhauled the naturalization process in favor of a one-tier administrative procedure. *See* 135 Cong. Rec. H4539-02 (July 31, 1989). Under Section 401 of IMMACT, Congress transferred the power to naturalize from the district courts and vested the Attorney General – now the Secretary of the Department of Homeland Security ("DHS") – with "sole authority to naturalize persons as citizens of the United States." *See* Immigration and Nationality Act ("INA") § 310(a); 8 U.S.C. § 1421(a). The transfer of the former INS's naturalization functions to the newly-created DHS included the transfer of the authority to naturalize from the Attorney General to the Secretary of DHS. *See* Homeland Security Act of 2002, Pub. L. No.107-296, § 1512(d), 116 Stat. 2135, 2310.

Under the administrative naturalization process, USCIS is responsible for adjudicating naturalization applications, including rendering a preliminary investigation of the applicant, interviewing and if necessary subpoenaing witnesses, conducting an examination, and making a determination as to whether to grant or deny the application. *See* INA § 335(a),(b),(c); 8 U.S.C.

§ 1446(a),(b),(c). If USCIS initially denies a naturalization application, the applicant may seek administrative review of the denial by requesting a hearing before a supervisory immigration officer. INA § 336(a); 8 U.S.C. § 1447(a); 8 C.F.R. § 336.2(b).

In vesting the primary naturalization authority with the Secretary of DHS, Congress did not completely eliminate district court jurisdiction over the naturalization application process. District courts may still administer the citizenship oath of allegiance. *See* INA § 310(b)(1); 8 U.S.C. § 1421(b)(1). District courts also have jurisdiction to review *de novo* applications for naturalization denied as a result of the administrative review procedure under INA § 336(a); 8 U.S.C. § 1447(a). *See* INA § 310(c), 8 U.S.C. § 1421(C).

Under INA § 336(b), 8 U.S.C. § 1447(b), the provision at issue here, an applicant may apply to the appropriate district court for a hearing on the naturalization application if USCIS does not grant or deny the application by "the end of the 120-day period after the date on which the examination is conducted under such section." In such a case, the court "may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter."INA § 336(b), 8 U.S.C. § 1447(b).

**III.    Petitioner Has Not Been "Examined."**

All courts that have been called upon to determine what Congress meant by the term "examination," and therefore, the time at which the 120-day "jurisdictional clock" begins to run have agreed that the term "examination" refers to, at a minimum, the initial interview. *Compare, e.g., Aslam v. Gonzales*, Slip Copy, 2006 WL 3749905, at *1 (W.D. Wash. Dec. 19, 2006) ("The statute and accompanying regulations use the term 'examination' to refer to the *interview* date"); with *e.g., Danilov v. Aguilar,* 370 F. Supp. 2d 441, 443 (E.D. Va. 2005); *El-Daour v. Chertoff,*

417 F. Supp. 2d 679, 681-83 (W.D. Pa. 2005); *Martinez v. Gonzales*, 463 F. Supp.2d 569, 572-3 (E.D.Va. 2006)(examination refers to the entire naturalization process, including the initial interview and the FBI's criminal background check).

Petitioner concedes that her naturalization interview has not yet occurred. Petition § 8; Opp. §§ 10, 32. Petitioner therefore has attempted to circumvent the clear jurisdictional limitations instilled by Congress in seeking relief under more general waivers of the United States' sovereign immunity; namely, the federal question statute, 28 U.S.C. § 1331, the general mandamus statute, *see* 28 U.S.C. § 1361, and the Administrative Procedures Act. *See* 5 U.S.C. §§ 555(b), 702-06. Petitioner's Opp. §§7-29. However, Petitioner cannot avoid the limitation in the specific grant of jurisdiction set forth in § 1447(b) by seeking relief under a more generalized jurisdictional grant, in order to bring suit for what may be a personal desire to travel to the Balkan region with the protections of the United States of America. *See* Petition §12; Petitioner's Opp. § 6. To allow Petitioner to do so here would render the limitations Congress carefully constructed entirely meaningless. As such, the only applicable waiver of sovereign immunity in Petitioner's situation is 8 U.S.C. § 1447(b).

**IV.    Petitioner Cannot Circumvent the Limitations on a Specific Waiver Of Sovereign Immunity by Pointing to a General Waiver of Sovereign Immunity.**

The United States enjoys sovereign immunity from suit unless Congress has clearly and unequivocally waived that immunity. *See, e.g., Block v. North Dakota ex rel. Board of University and School Lands*, 461 U.S. 273, 287 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."); *see also United States v. Bankers Ins. Co.*, 245 F.3d 315, 320 (4th Cir. 2001). Where, as here,

Congress has not waived that immunity, a court is without subject matter jurisdiction to entertain a particular claim against the United States or its officials. *See Andrews v. United States*, 441 F.3d 220, 223 (4th Cir. 2006).

In this case, Congress has provided a remedy for those who believe that USCIS has improperly delayed adjudication of naturalization petitions by waiving the United States' sovereign immunity and vesting this Court with jurisdiction in certain circumstances. 8 U.S.C. § 1447(b) only vests this Court with jurisdiction over a naturalization claim if 120 days have passed since USCIS' "examination" of the alien's petition and CIS has yet to render a decision on the same. *See* 8 U.S.C. § 1447(b). All courts agree that the 120-day "clock" does not begin to run – and thus the federal courts lack jurisdiction – unless and until USCIS has conducted its initial interview of the alien, something that Petitioner *concedes* has not yet occurred in her case. Petition § 8; Opp. §§ 10, 32. Because Congress has not waived the United States' sovereign immunity over naturalization applications where the Petitioner has not yet been examined, Congress has not vested this court with jurisdiction over Petitioner's claim. Though Petitioner asserts that this Court may exercise jurisdiction pursuant to 28 U.S.C. § 1331, the general "federal question jurisdiction" statute, *see* Petitioner's Opp. § 2, courts have repeatedly held that this statute does not serve as a waiver of sovereign immunity. *See, e.g., Randall v.United States*, 95 F.3d 339, 345 (4th Cir. 1996), *cert denied*, Randall v. U.S., 519 U.S. 1150 (1997); *Circuit City Stores, Inc. v. EEOC*, 75 F. Supp. 2d 491, 503 (E.D. Va. 1999), *aff'd*, 232 F.3d 887 (4th Cir. 2000). Because Petitioner cannot vest this Court with jurisdiction pursuant to another more generalized jurisdictional statute, this Court should dismiss Petitioner's Petition for lack of jurisdiction.

## CONCLUSION

For the reasons set forth above, the Government respectfully submits that the Court lacks subject matter jurisdiction to grant Petitioner the relief she seeks. Because the Court lacks jurisdiction, the Government's Motion should be granted and the case should be dismissed.

Respectfully submitted,

\_\_\_\_\_Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

\_\_\_\_\_Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

\_\_\_\_\_s/Sherease Pratt_____
SHEREASE PRATT
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W., Room E4821
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

**OF COUNSEL:**
Thomas F. McCarthy, Esq.
U.S. Citizenship & Immigration Services
S. Burlington, Vermont

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JELA JEVREMOVIC, | ) <br> ) <br> ) |
| Petitioner, | ) <br> ) |
| v. | ) Civil Action No. 1:07-CV-01278 (RMU) <br> ) <br> ) |
| MICHAEL CHERTOFF, Director, <br> U.S. Department of Homeland Security, *et al.*, | ) <br> ) <br> ) |
| Respondents. | ) <br> ) |

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Reply and Supplement to Petitioner's Opposition to Respondent's Motion to Dismiss to be sent by the Court's Electronic Case Filing System, this 19th day of October, 2007 to:

J. Michael Springmann PLLC
4619 Yuma Street N.W.,
Washington, D.C. 20016
springmannslaw@fcc.net

*Counsel for Petitioner*

                                                                               /s/Sherease Pratt
                                                                               SHEREASE PRATT