U.S. DISTRICT COURT
FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jela JEVREMOVIC | * | |
| 4545 Connecticut Avenue N.W. | | |
| Apartment 711 | * | |
| Washington, D.C. 20008, | | |
|     Petitioner | * | |
| | | |
|     v. | * | Case: 1:07-cv-01278 RMB |
| | | |
| Michael CHERTOFF, Secretary | * | |
| U.S. Department of Homeland Security | | |
| 425 Murray Drive; Building 410 | * | |
| Washington, D.C. 20528, | | |
|     Respondent | * | |
| | | |
| Emilio T. GONZALEZ, Ph.D., Director | * | |
| U.S. Citizenship & Immigration Services | | |
| 20 Massachusetts Avenue N.W. | * | |
| Washington, D.C. 20529, | | |
|     Respondent | * | |
| | | |
| Robert S. MUELLER III, Director | * | |
| Federal Bureau of Investigation | | |
| 935 Pennsylvania Avenue N.W. | * | |
| Washington, D.C. 20525, | | |
|     Respondent | * | |

**PETITIONER'S RESPONSE TO RESPONDENT'S LATEST EFFORT TO**

**MISCHARACTERIZE WRIT OF MANDAMUS**

COMES NOW the Petitioner, Jela Jevremovic, by and through counsel, and once again states for the benefit of U.S. Attorney's Office, that:

    I. This Honorable Court has jurisdiction over Writs of Mandamus.

    II. Petitioner Jevremovic has a clear right to the relief requested, i.e., becoming a Naturalized citizen of the United States of America.

III. Respondents have a clear duty to Petitioner Jevremovic to perform acts necessary to accomplish her Naturalization.

IV. Petitioner Jevremovic has no other adequate remedy for relief available to her since the U.S. Citizenship and Immigration Services and the Federal Bureau of Investigation exclusively control the Naturalization process.

Petitioner Jevremovic further states:

1. The issue before this Honorable Court, whose duty to say what the law is, not what the U.S. Attorney's Office wishes it to be, is that the Federal Bureau of Investigation (FBI) and the U.S. Citizenship and Immigration Services (USCIS) have a requirement, based on law, equity, and ethics to adjudicate Petitioner's Application for Naturalization before she dies of old age. The legal requirement to do this is based, not on 8 U.S.C. § 1447(b) as the U.S. Attorney's Office erroneously states on page one of its Nov. 13 reply, but on 8 U.S.C. § 1329 (jurisdiction of the district courts); 28 U.S.C. § 1331 (Federal Question jurisdiction); 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty); and 5 U.S.C. §§ 555(b), 704 (Administrative Procedure Act); Immigration and Nationality Act (INA), § 310 *et seq.* (8 U.S.C. § 1421 *et seq.*).

2. The U.S. Attorney's Office curiously claims that Liu v. Novak, No. 07-263 (EGS), 2007 WL 2460425 (D.D.C.), August 30, 2007, the latest effort by this Honorable Court to correct the problems underlying the inability or unwillingness of USCIS and/or the FBI to do their jobs, has no bearing on the instant case, because, as it falsely states on page two of its Nov. 13 submission, that this is an ADJUSTMENT OF STATUS CASE which does not apply to Petitioner Jevremovic and the instant case which is a NATURALIZATION CASE, and she must,

2

perforce, wait at least four (4) more years for the United States of America to fulfill its duty to her.

    3. However, in Liu, this Honorable Court did not deal with Adjustment of Status issues; it dealt directly with an unconscionable delay in USCIS adjudication of the matter because the FBI, while attempting to justify its dilatory name check process, could not provide any information whatsoever that its interests outweighed those of the alien. Moreover, in Liu, as in the instant case, the government asserted, wrongly, that this Honorable Court had no jurisdiction under immigration law and that Mandamus was inappropriate because the government does not owe the Petitioner a non-discretionary duty and that the Administrative Procedure Act did not empower this Honorable Court to hear the matter. Liu *1, *2. At one point, the Court noted "As defendants have described the name check process as one where data is primarily retrieved from an electronic database, and only occasionally from paper records, it does not seem reasonable to the Court that this process would take over four years to complete." Liu *8. Nor does it seem reasonable to the Undersigned that such a process would take more than 18 months to complete. In any event, the Court "determined] that it has jurisdiction over plaintiff's claim under the Administrative Procedures (sic) Act ("APA") and that adjudication of plaintiff's application has been unreasonably delayed." Liu *1.

    4. Under the odd reasoning presented in the government's submission, an FBI name check for permanent residence is entirely different from an FBI name check for citizenship, and that is entirely different from one done for contract employment by the United States of America, and that again is entirely different from an FBI name check done for full-time, permanent employment by the United States of America. Given this convoluted logic, the further inference

3

is that name checks for citizenship are so different from name checks for permanent residence or anything else that every applicant for citizenship can expect (and, indeed, is required) to wait MORE than four (4) years for Respondents to do their job and fulfill their duty owed to Ms. Jevremovic or any other applicant.

5. On page three of its Nov. 13 submission, the U.S. Attorney attempts to again muddy the waters and distract this Honorable Court from the matter at hand: to direct Executive Branch agencies to do their job and get moving on Ms. Jevremovic's Naturalization as a citizen of the United States of America. The government, in its poorly-reasoned submission, makes the outrageous statement that Petitioner Jevremovic is not of good moral character because she is lying to this Honorable Court. Again, the U.S. Attorney's Office, perhaps because its staff in the instant case is drawn from the financial sector and has little knowledge of foreign affairs or immigration law, offers no substance to support its nonsense. The U.S. Attorney relies, instead, on innuendo and character assassination to disguise its untenable legal position. Good moral character in the naturalization context means that the person must measure up to the standards of the average citizen in the community in which he is living before he can become a citizen. Krystyna Plewa v. Immigration and Naturalization Serv., 77 F.Supp. 905 (N.D. Ill. 1999), at 913 citing Brukiewicz v. Savoretti, 211 F.2d 541, 543 (5th Cir. 1954). Plewa also cites Black's Law Dictionary at 701 (7th Ed., 1999) which defines good moral character as "A pattern of behavior that is consistent with the community's current ethical standards and that shows an absence of deceit or morally reprehensible conduct." Evidently, government lawyers don't meet this standard.

6. Regarding specific charges of misrepresentation, (i.) Petitioner Jevremovic never

4

claimed that a Writ of Mandamus was warranted because she held a security clearance. Rather, her attorney incorrectly stated that she had a security clearance and correctly said that the FBI had already investigated her (3 times). As Petitioner has repeatedly told this Honorable Court AND the financial sector attorney, the FBI has done three (3) name checks on her, each time in less than three (3) months. Petitioner Jevremovic therefore would like, and so far has not received, a valid explanation as to why the FBI is incapable or unwilling to conduct a fourth (4th) name check before the end of the decade. (ii.) Petitioner Jevremovic would indeed like to travel abroad for the convenience of the U.S. government to her area of expertise using an American passport. It would prove beneficial to the American taxpayer. (iii.) Ms. Jevremovic's being an alien does indeed restrict her ability to obtain promotions and limits her rights to job tenure. (The financial sector attorney at the Justice Department evidently has not read the government's own affidavits supplied by Carroll Cobb and John Wybenga. Moreover, that attorney evidently read neither the affidavit of Edward Warner nor the affidavit of Petitioner.) (iv.) The financial sector attorney, too used to working with numbers and not reality, claims that Ms. Jevremovic does not formulate foreign policy. The U.S. Attorney's Office evidently does not know what foreign policy is or how it is formulated. Even the lowliest visa officer on his first assignment abroad formulates U.S. foreign policy in that his treatment of host country nationals has a great effect on the conduct of international relations, as former Ambassador Walter Cutler once told the Undersigned. In the instant case, if the financial sector attorney should use her imagination and ask what the Secretary of State would do if Ms. Jevremovic began writing news broadcasts diametrically opposed to U.S. foreign policy and that bore no relation to current events in the Balkans or to other stories for the Voice of America newsroom.

7. The financial sector attorney dealing with the instant case asserts that "A full and complete background check is part of the inquiry into whether an applicant for United States citizenship possesses good moral character." *At p. 4, Section III of the government's Nov. 13 submission.* Regrettably, the number cruncher from the financial sector evidently hasn't read the declaration of Michael A. Cannon of the FBI, submitted along with the government's response, supposedly "justifying" the 18 month delay (to date) in doing a simple name check. Nowhere in Mr. Cannon's rather high-schoolish 15 pages (which says nothing and says it badly) is there anything which remotely indicates that the FBI does anything more (or is required to do anything more) than check its computerized records when asked by USCIS in a Naturalization case. Besides asking why the U.S. government currently employs Petitioner if she is not of good moral character, it is legitimate to inquire what other means, beyond simple computerized background checks, the FBI uses to gauge her "moral character". Nowhere in Mr. Cannon's unfortunately flawed statement, made under oath (!!!) and at taxpayer expense, is anything said about additional checks, unless AND until its computers cough up derogatory information on a person being examined. Since Petitioner Jevremovic has been employed at VOA for the past 9 years and has had two (2) name checks performed immediately before employment, without the FBI finding any derogatory material, there can NO justification for the government delaying Ms. Jevremovic's current name check as long as they have, unless "justification" can be twisted to include incompetence, or, perhaps, an unethical attempt to obtain an unfavorable court verdict enabling those agencies to continue their practice of deliberately harassing aliens.

8. The FBI's declaration is especially specious because it was crafted (as most good high school students do in essay assignments) to give the appearance of authority while lacking any bit

6

of substance. (More paper, in their view, means a higher grade.) For example, in pages 11 to 14, the Declarant states in shameful detail a series of reasons why the FBI can't do its job and then goes on to list a succession of remedies, which may or may not prove effective and which may or may not be completed in this lifetime. However, Declarant Cannon does not link the remedies to why or how it is unable to process Ms. Jevremovic's name check. Additionally, the FBI again blames all its problems on airplanes flying into buildings on September 11, 2001, more than six (6) years ago. But, again, the FBI doesn't quite manage to explain why in the subsequent six (6) years, it managed to perform three (3) name checks on Petitioner--IN LESS THAN 3 MONTHS EACH. On page 8 in paragraphs 19 and 20, the FBI confirms that USCIS can expedite name checks IF IT WANTS TO. (But it doesn't quite explain why USCIS doesn't want to expedite Ms. Jevremovic's current name check.) Additionally on page 11, in paragraph 28, the FBI's Declaration attempts to persuade this Honorable Court that Ms. Jela Jevremovic has a common name and common names ALWAYS delay FBI name checks. On the same page, in paragraph 29, the FBI again claims that its check of Petitioner's name is delayed because records predating 1995 have not been computerized and have to be searched by hand. Unfortunately, the Immigration and Nationality Act doesn't require that a person's background be checked back to birth (8 U.S.C. § 1427[e]). Either the FBI, the USCIS, or the Justice Department (or all three) has or have NO understanding of the Naturalization process--or one or all has or have an interest in delaying Petitioner's Naturalization.

    9. In California, Connecticut, Florida, Illinois, Massachusetts, Minnesota, Nebraska, New York, Pennsylvania, and Texas, U.S. District Courts have ruled that they have jurisdiction over delayed FBI name checks and have ordered USCIS and the FBI to get moving and

adjudicate applications for Citizenship and Adjustment of Status. In Washington, D.C., headquarters of USCIS and the FBI, this Honorable Court has found it also has jurisdiction over delayed adjudications. And has, in fact, ordered those agencies to fulfill their duty. Liu.

THEREFORE, Petitioner Jevremovic humbly prays this Honorable Court to continue with its practice of holding Executive agencies to account and to fulfill their duty owed her. She further humbly prays that, in so doing, this Honorable Court:

1. Order Respondents to complete a "name check" and any other requisite investigation within 30 calendar days of the appropriate Order being signed;

2. Order Respondents to schedule a Citizenship Interview within 45 calendar days of the appropriate Order being signed, if no derogatory information is found;

3. Order Respondents to schedule a Naturalization Ceremony within 60 calendar days of the appropriate Order being signed, if no derogatory information is found;

4. Award reasonable attorney's fees and costs in accordance with the Equal Access to Justice Act (5 U.S.C. § 504; 28 U.S.C. § 2412) because Respondents' positions were not substantially justified;

5. And grant such other and further relief as this Honorable Court, in its wisdom, deems just and appropriate.

Date: November 23, 2007                    Respectfully submitted,

                                           Jela Jevremovic

By Counsel,

J. Michael Springmann
Law Office of J. Michael Springmann PLLC
4619 Yuma Street N.W.
Washington, D.C. 20016
Tel. (202) 686-4869
Fax (202) 966-1254
E-Mail: springmannslaw@fcc.net
U.S. District Court Bar No. 465099

U.S. DISTRICT COURT
FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jela JEVREMOVIC<br>4545 Connecticut Avenue N.W.<br>Apartment 711<br>Washington, D.C. 20008,<br>        Petitioner | *<br>*<br>* | |
| v. | * | Case: 1:07-cv-01278 RMB |
| Michael CHERTOFF, Secretary<br>U.S. Department of Homeland Security<br>425 Murray Drive; Building 410<br>Washington, D.C. 20528,<br>        Respondent | *<br>*<br>* | |
| Emilio T. GONZALEZ, Ph.D., Director<br>U.S. Citizenship & Immigration Services<br>20 Massachusetts Avenue N.W.<br>Washington, D.C. 20529,<br>        Respondent | *<br>*<br>* | |
| Robert S. MUELLER III, Director<br>Federal Bureau of Investigation<br>935 Pennsylvania Avenue N.W.<br>Washington, D.C. 20525,<br>        Respondent | *<br>*<br>* | |

**ORDER**

Having read the pleadings in this matter and having considered the ability of the Federal Bureau of Investigation (FBI) and other agencies to conduct background investigations and "name checks" expeditiously when required (particularly when that agency(ies) has/have performed similar ones on Ms. Jevremovic in the past, it is this _____ day of _____, 2007

ORDERED

    that Respondents' Motion to Dismiss Ms. Jevremovic's Petition for a Writ of Mandamus be, and hereby is, dismissed; and it is further

ORDERED

    that Ms. Jevremovic's Petition be, and hereby, is granted; and it is further

ORDERED

    that Respondents complete the background investigation and "name check" on Petitioner within 30 calendar days after entry of this Order; and it is further

ORDERED

    that Respondents schedule a Citizenship Interview within 45 calendar days of the appropriate Order being entered, provided no derogatory information has been found, so as to avoid even the appearance of retaliation against Ms. Jevremovic; and it is further

ORDERED

    that Respondents schedule a Naturalization Ceremony within 60 calendar days of the appropriate Order being entered, provided no derogatory information is found, so as to avoid even the appearance of retaliation against Ms. Jevremovic; and it is further

ORDERED

    that Respondents pay all Ms. Jevremovic's reasonable attorney's fees and costs in accordance with the Equal Access to Justice Act (5 U.S.C. § 504; 28 U.S.C. § 2412) because Respondents' positions were not substantially justified.

                                                        _____
                                                        Ricardo M. Urbina
                                                        U.S. District Judge

## CERTIFICATE OF SERVICE

I hereby certify that, on November 23, 2007, I served electronically, through the Court's Electronic Case filing system, the U.S. Attorney for the District of Columbia, Jeffrey A. Taylor, located at 555 4th Street N.W.; Washington, D.C. 20530 with a true and correct copy of the foregoing Response and Order.

Michael Springmann