UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**JELA JEVREMOVIC,**                        )
                                            )
       **Petitioner,**               )
                                            )
  v.                                    ) Civil Action No. 1:07-CV-01278 (RMU)
                                            )
                                            )
**MICHAEL CHERTOFF, Director,**             )
**U.S. Department of Homeland Security,**   )
                                            )
       and                           )
                                            )
**EMILIO GONZALEZ, Director,**              )
**U.S. Citizenship and Immigration Services,** )
                                            )
       and                           )
                                            )
**ROBERT S. MUELLER, III, Director,**       )
**Federal Bureau of Investigation,**        )
                                            )
       **Respondents.**              )
_____)

### MOTION TO STRIKE PLAINTIFF'S SURREPLY AND ALTERNATIVE MOTION FOR LEAVE TO FILE RESPONSE TO SURREPLY

Plaintiff filed a sur-reply, titled "Petitioner's Response to Respondent's Latest Effort to Mischaracterize Writ of Mandamus," without seeking leave of Court. See Dkt. Entry 15. That sur-reply was filed in response to Defendants' reply brief and is the third brief Plaintiff has filed on the jurisdictional issues raised in Defendants' motion to dismiss. See Dkt. Entries 9, 13, 15. Plaintiff's submission of a sur-reply violates the Federal Rules of Civil Procedure and this Court's Local Civil Rules. Defendants therefore move that the Court strike that sur-reply pursuant to its authority to enforce Local Civil Rule 7.

In the alternative, if the Court entertains Plaintiff's sur-reply, Defendants seek leave to submit a brief response to that sur-reply on or before December 14, 2007. In accordance with Local Civil Rule 7(m), counsel for Defendants contacted counsel for Plaintiff to obtain Plaintiff's position on this motion. Plaintiff's counsel indicated that he did not oppose Defendants' request to file a response to the sur-reply.

## ARGUMENT

Local Civil Rule 7 governs motions practice in this district. Neither that rule nor the Federal Rules of Civil Procedure provide for any filing after the reply. See Arakelian v. National Western Life Ins. Co., 126 F.R.D. 1, 3 (D.D.C. 1989) ("The Local Rules do not provide for the filing of a surreply, nor do the Federal Rules of Civil Procedure."). This Court has discretion whether to permit the filing of a sur-reply. See Groobert v. President and Directors of Georgetown College, 219 F. Supp. 2d 1, 13 (D.D.C. 2002). The standard for exercising that discretion "is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." Robinson v. The Detroit News, Inc., 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (striking surreply on the basis that it merely reargued the points raised in an earlier brief); see also Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). If the opposing party's reply merely raises issues that the parties already have addressed or had the opportunity to address, no sur-reply should be permitted. See U.S. Commodity Futures Trading Com'n v. Whitney, 441 F. Supp. 2d 61, 73 (D.D.C. 2006); Corel Corp. v. U.S., 165 F. Supp. 2d 12, 18 n. 1 (D.D.C. 2001) ("Because I find that the arguments raised in Corel's surreply could have been raised in Corel's opposition brief, Corel's motion to file a surreply will be denied").

Defendants' reply brief was limited to issues that both parties already had addressed and had an ample opportunity to address, and presented no new issues that would warrant a sur-reply. Defendants raised their jurisdictional defenses in each of their prior memoranda of law, including citations to applicable statutory provisions and precedent. See Dkt Entries 8, 10, 11, 14. Specifically, Defendant explained that Congress has only permitted district courts to exercise jurisdiction over the pace at which USCIS completes its adjudication of a naturalization application if 120 days have passed since the applicant was "examined." See, e.g., Dkt. Entry 10 at 1, 5-7; 42 U.S.C. § 1447(b). Defendants also addressed the cases Plaintiff cited in her opposition briefs — in which courts exercised mandamus jurisdiction to review alleged delays in completing adjustment of status applications — and argued that Plaintiff's reliance on those cases was misplaced because the jurisdictional issue in those cases turned on an interpretation of 8 U.S.C. § 1252, and not Section 1447(b). See Dkt. Entry 14 at 2-3. Defendants' discussion of Plaintiff's unfounded factual allegations concerning security clearances and the alleged impact her citizenship status would have upon her employment simply revisited points made in Defendants' reply and supplement; Plaintiff already responded to those arguments in her opposition. See Dkt. Entry 13.

In sum, Defendants' reply addressed issues that already had been briefed by both parties, and responded to arguments that Plaintiff raised in her opposition brief. Defendants raised no "new" arguments that Plaintiff should not have anticipated, and the sur-reply simply reargues jurisdictional issues that the parties have briefed before. While Plaintiff may wish to have the last word on those issues, rather than letting the briefing end with Defendants' reply, that is not

the way Rule 7 was structured.   Plaintiff's unauthorized sur-reply should therefore be stricken pursuant to this Court's authority to enforce Local Rule 7.

In the alternative, Defendants seek leave to respond to the sur-reply.   Defendants request that any such response be due on or before December 14, 2007.  The undersigned Assistant United States Attorney recently entered her appearance in this matter, and will need time to review the parties' prior briefs, the factual record, and applicable precedent.  However, the undersigned can complete those tasks and prepare a response to the sur-reply by December 14, 2007.

## CONCLUSION

Plaintiff's sur-reply should be STRICKEN or, in the alternative, Defendants should be permitted to respond to the sur-reply.

Dated: December 4, 2007                             Respectfully submitted,


                                                                    /s/
                                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                        United States Attorney

                                                                    /s/
                                                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                        Assistant United States Attorney.

                                                                /s/ Robin M. Meriweather
                                                        ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                                                        Assistant United States Attorney
                                                        555 Fourth St., N.W.
                                                        Washington, D.C.  20530
                                                        Phone: (202) 514-7198
                                                        Fax: (202) 514-8780
                                                        Robin.Meriweather2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing to be sent by the Court's Electronic Case Filing System, this 4th day of December, 2007 to:

J. Michael Springmann PLLC
4619 Yuma Street N.W.,
Washington, D.C. 20016
springmannslaw@fcc.net

                                                /s/ Robin M. Meriweather
                                          ROBIN M. MERIWEATHER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JELA JEVREMOVIC,** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>)<br>**MICHAEL CHERTOFF, Director,** )<br>**U.S. Department of Homeland Security,** *et al.* )<br>)<br>**Respondents.** )<br>) | ) **Civil Action No. 1:07-CV-01278 (RMU)** |

**ORDER**

Upon consideration of Defendants' motion to strike Plaintiff's sur-reply or, in the alternative, for leave to respond to sur-reply, it is this _____ day of _____, 2007,

ORDERED that Defendants' motion to strike Plaintiff's sur-reply or, in the alternative, for leave to respond to sur-reply, be and hereby is, granted;

it is further ORDERED that:

\_\_\_\_   Plaintiff's sur-reply be and hereby is stricken from the record because it violates Local Civil Rule 7;

\_\_\_\_   Defendants may submit a response to the sur-reply on or before December 14, 2007;

SO ORDERED.

_____
United States District Judge